UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

JACOB RAY JULICK,

    Plaintiff,

V.

KENTON CO. DET. CTR., *et al.*,

    Defendants.

Civil Action No. 2: 20-005-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Jacob Ray Julick is a pre-trial detainee confined at the Kenton County Detention Center ("KCDC") located in Covington, Kentucky. Proceeding without an attorney, Julick has filed a civil rights action pursuant to 42 U.S.C. § 1983. [R. 3] By separate order, the Court has granted Julick' motion to proceed without prepayment of the filing fee. [R. 6] Thus, the Court must conduct a preliminary review of Julick's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997), abrogated on other grounds, *Jones v. Bock*, 549 U.S. 199 (2007). The Court evaluates Julick's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Julick alleges that on November 11, 2019, he was taken to isolation at the KCDC and a set of his "evidence DVDs" (which he states were made up of 18 DVD's placed in sets of 3 into 6 holding packs) were packed up with him. [*Id*. at p. 2][1] He alleges that DVD #'s 14 and 18 went missing. [*Id*.] According to Julick, Disc #14 is labeled "Chapman, Henderson, and James Nichols Interviews the eyewitness." Julick further alleges that, a few weeks before, KCDC Deputy Charles Shadler (whom Julick states is the officer who packed him up for isolation) told Julick that he had watched Julick's videos through his connections in law enforcement and that the officers involved in Julick's criminal case were his friends. Julick claims that others heard Shadler talking about watching his videos, but KCDC will not provide their full names. [*Id*. at p. 3] He also alleges that KCDC Deputy Brian Landrum was the deputy working in isolation. He states that, after he filed a grievance, his DVDs were returned to him, including DVD #'s 14 and 18, but now in a total of 7 holding packs. [*Id*. at p. 3]

Based on these allegations, Julick claims that his "right for confidentiality" in his ongoing state criminal case has been violated. [*Id*. at p. 4] Julick filed this complaint against the KCDC, Charles Shadler and Brian Landrum pursuant to 42 U.S.C. § 1983. He seeks between $15,000-20,000 in monetary damages and payment of his attorneys' fees and court costs. [*Id*. at p. 8]

However, Julick's claims must be dismissed for failure to state a claim for relief. A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,

---

[1] In August 2019, Julick was charged in the Kenton Circuit Court with two counts of attempted murder of a police officer, one count of theft of identity of another without consent, two counts of first degree fleeing or evading police, two counts of being a convicted felon in possession of a handgun, on count of first degree wanton endangerment, and one count of being a persistent felony offender. *See Commonwealth of Kentucky v. Jacob Ray Julick*, No. 19-CR-1168 (Kenton Cir. Ct. 2019). This state criminal case remains ongoing. *Id*.

556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, it has no authority to create arguments or claims that the plaintiff has not made. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation."). Vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

First, the KCDC is not a viable defendant because it is merely a building - it is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Even if the Court were to construe Julick's claim as one against Kenton County, because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Julick makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

Next, the only fact alleged with respect to Deputy Landrum is that he was the Deputy assigned to work in the isolation unit. To bring a claim under § 1983, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, to be held liable under § 1983, a defendant must have

3

personal involvement in the alleged unconstitutional conduct. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). However, Julick has failed to allege any facts here connecting Landrum to any potential unconstitutional conduct.

Nor has Julick alleged that Deputy Shadler engaged in unconstitutional conduct. To the extent that Julick's claim is based on his allegation that two of his DVDs were missing for a period of time, claims for deprivation of property are not actionable under § 1983. A plaintiff does not allege a viable due process claim based on either the negligent deprivation of personal property, *see Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 328 (1986), or the intentional but unauthorized, deprivation of property, *see Zinermon v. Burch*, 494 U.S. 113, 127 (1990), unless state court remedies are inadequate to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 531-33 (1984); *Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315-16 (6th Cir. 2001) (finding that the prisoner failed to allege a due process claim based on the alleged theft of his personal property where he did not demonstrate that his state court remedies were inadequate). To assert such a claim, the plaintiff must both plead and prove that state remedies for redressing the wrong are inadequate. *See Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir.1999). Julick has made no such allegations here. In the absence of such allegations from Julick, the Court declines to reach that conclusion. *See Meadows v. Gibson*, 855 F.Supp. 223, 225 (W.D. Tenn. 1994)).

To the extent that Julick's claim is based on a violation of his "right to privacy" with respect to his ongoing criminal proceedings, Julick' allegations do not amount to a violation of his rights under the United States Constitution. Courts reviewing claims regarding the improper disclosure of "private" information have couched the question in terms of whether the disclosure of assertedly "personal" or "private" information is a violation of a "right to privacy" which may (or may not)

be embodied in the Fourteenth Amendment. On several occasions the United States Supreme Court has assumed that such a right exists (although not without dissent) for purposes of discussion, but has declined repeated invitations to expressly find that the Fourteenth Amendment includes such a right. *Whalen v. Roe*, 429 U.S. 589, 603-05 (1977); *NASA v. Nelson*, 562 U.S. 134, 147-48 (2011). Following a similar tack, different federal courts have reached divergent results on the scope of the right of privacy. Cf. *Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009) ("... criminal records, including police reports, indictments, guilty verdicts, and guilty pleas, are inherently public - not private - documents and are thus beyond the purview of the Due Process Clause."); *Dillard v. City of Springdale, Arkansas*, 930 F. 3d 935, 941-42 (8th Cir. 2019) (acknowledging existence of right but noting that it extends only to "the most intimate aspects of human affairs."); *Watts v. City of Miami*, No. 15-21271-Civ-Scola, 2016 WL 8939143, at *6 (S.D. Fla. Feb. 22, 2016) ("Courts have found that disseminating personal information including social security numbers, driving history, photographs, vehicle tag numbers, driver's license numbers, personal signatures, home addresses, and birth dates did not violate the right to privacy under the Fourteenth Amendment.") (collecting cases).

For its part, the Sixth Circuit "has recognized an informational-privacy interest of constitutional dimension in only two instances: (1) where the release of personal information could lead to bodily harm, and (2) where the information released was of a sexual, personal, and humiliating nature." *Wiles v. Ascom Transp. System, Inc.*, 478 F. App'x 283, 295 (6th Cir. 2012) (quoting *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (citations omitted)). Julick has failed to allege facts suggesting the presence of either of these circumstances here.

Moreover, criminal proceedings are presumptively public proceedings, as the United States Supreme Court has long held "that the right to attend criminal trials is implicit in the guarantees

of the First Amendment; without the freedom to attend such trials, which people have exercised for centuries, important aspects of freedom of speech and 'of the press could be eviscerated.'" *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 681 (1972)). A review of the docket in Julick's state criminal case shows no orders restricting public access to Julick's criminal proceedings, nor does Julick allege any facts suggesting that his criminal proceedings are non-public.[2] Thus, it is unclear what "right to privacy" he has in the evidence in his ongoing criminal case.

For all of these reasons, Julick has failed to state a claim for which relief may be granted against any of the Defendants named in his complaint. Accordingly, his complaint will be dismissed.

Accordingly, **IT IS ORDERED** that:

1. Julick' Complaint [R. 3] is **DISMISSED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the Court's docket.

Dated March 30, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[2] The Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).